STEVENS, PJ., LIEGHLEY, J., and DOYLE, J., concur.

## STATE ex TRUMAN v INDUST COMM

Ohio Appeals, 2nd Dist, Franklin Co.

No. 2926.  Decided Sept. 23, 1939

R. R. Zurmehly, Columbus, and W. S. Marshall, Columbus, for relator.

Thomas J. Herbert, Cleveland, Attorney General, and E. P. Felker, Asst. Atty. Gen'l., Columbus, for respondent.

## OPINION

By GEIGER, J.

The relator files his petition for a writ of mandamus alleging that he was injured during the course of his employment and as a result thereof was disabled and has been totally disabled from performing any manual labor since the accident; that he filed his application for compensation which was heard and he was awarded compensa-

tion for temporary total disability and for impairment of earning capacity; that in December, 1936, in pursuance of his claim for further compensation the Commission ordered him to submit to medical examination; that as a result of the examination the doctors found that the complainant had a very definite disability but the same was not the result of the injury; that as a result thereof he had a very slight disability. The Commission fixed the impairment of his earnings at two dollars a week to continue until December 12, 1937; that in April, 1937, he filed an application for modification, claiming that his total disability was due to the injury; that the application was heard and the Commission denied his compensation for additional disability on the ground that it was not the result of the injury; and that he made application for rehearing, upon which application evidence was taken and the case submitted in December, 1937, during all of which time the Commission was paying compensation for the impairment of earning capacity at the rate of two dollars per week and that the question presented by the evidence on rehearing was upon the question whether or not he was totally disabled as a result of the injury.

It is alleged that the evidence taken disclosed without dispute that he was totally and permanently disabled and that there was some evidence that the condition was the result of the injury and some that it was not. Thereafter, on the 24th day of January the Commission, on the evidence, ordered that the claim be disallowed on rehearing for the reason that the high blood pressure, the only disability which the Commission has found, was not due to the injury, and was not caused by the injury.

The petition was filed in the Court of Common Pleas of Vinton County. The cause came on for hearing and the jury found on the issues in favor of the relator, found that he was entitled to participate in the State Insurance Fund which verdict was certified by the Court to the Commission to the effect "that on the 12th day of April, 1938, the jury, duly impaneled and sworn, returned a verdict finding that the plaintiff was entitled to participate in the State Insurance Fund."

It is alleged that the claim again came on for hearing and that the Commission thereupon continued the payment of compensation from December 12, 1937, to date and ordered that the same be continued until the maximum amount provided by law had been paid which was based on the disability which the Commission had acknowledged and was paying during the time the testimony was being taken; that the Commission has failed to pay any compensation for the total disability which was in issue by virtue of the rehearing proceeding "which showed without dispute that relator was totally disabled and the jury found that it was due to the injury."

It is further alleged that there was no evidence that the relator was not permanently and totally disabled at the time of the hearing in 1938.

The relator further alleges that the Commission has unlawfully, arbitrarily and with great abuse of its discretion refused to pay him for said permanent and total disability concerning which there was no dispute in the evidence before the Commission for its consideration.

The relator prays that the Court issue a writ of mandamus compelling the Commission to award the relator compensation for permanent and total disability at two-thirds his average weekly wage and for other relief.

The Commission filed an answer admitting the accident; that the Commission had ordered and paid compensation and had awarded to the relator for temporary total compensation the sum of $604.47; and thereafter on the temporary, partial basis the amount of $3750.00; that the Commission denied the application of the relator claiming total disability on the ground that its former award had been proper, based on medical proof, and ordered the application to modify dismissed.

Thereafter an application was filed and testimony taken under provisions

of §1465-90, and in January, 1938, an order was made upon the rehearing that the claim be disallowed for the reason that the high blood pressure, the only disability that the Commission has found, not due to the injury has not been caused by the injury. The Commission admits the filing of the suit in Vinton County and the hearing and alleges that in the opening statement the respondent made a request to the Court that the cause be remanded to the Commission for the payment of further compensation as it had not denied relator's claim on jurisdictional ground going to the basis of his rights.

Respondent acknowledged that relator was suffering from certain disabilities but denied that they were the result of the relator's injuries.

For a second defense it is alleged that inasmuch as respondent has assumed jurisdiction and determined the extent of the disability for all conditions save high blood pressure, not the result of the injury, that respondent has an adequate remedy at law under §1465-90, GC, to determine whether the conditions of high blood pressure were the result of the injury, which issue it is alleged was never submitted to the Court of Common Pleas.

A reply was filed by the relator admitting certain allegations and denying others. Extensive briefs are filed by both parties. The contention of the relator in his own words is as follows:

"What relator contends in this case is that the legal effect of the Vinton County court proceeding was to determine that relator's high blood pressure was the result of the injury whether counsel for respondent so interpret it that way or not."

The import of the relator's brief is that the application for rehearing was to secure an additional compensation on the ground that the permanent condition of the impairment testified to by the physicians was the result of the injury. Counsel for the Commission denies that any such import can be attributed to the verdict of the jury. We do not have before us the petition filed in the Common Pleas Court of Vinton County, but we do have the statement of what occurred during the trial. Counsel for the relator stated to the jury his claim to the effect that the relator was totally disabled and totally disabled as the result of the injury. Thereupon counsel for respondent made the statement to the jury in reference to the injury and prior hearings before the Commission and allowance of compensation and stated to the Court and jury, "this cause comes into this Court on appeal from the Industrial Commission. I make this statement for the jury and record, that at no time have we denied these injuries which he complained of, and are now ready and willing for this Court to submit this case back to the Industrial Commission for payment of further compensation, and assuming the jurisdiction as to his injury with the exception of high blood pressure which the Commission denies as a result of this injury and continue to pay this man, entitling him to the maximum amount by law, $3750.00." Thereupon "the court upon consideration of the statement by counsel for defense states that the claimant is still entitled to participate in the Workmen's Compensation for injuries received in 1927 during the course of his employment." "The court now * * * directs the jury to make a finding that the claimant here is entitled to participate in the Workmen's Compensation Fund." Thereupon the jury found the issues in favor of the plaintiff, "and that he is entitled to participate in the State Insurance Fund".

It is vigorously urged on the part of the relator that this verdict of the jury was to the effect that relator had been permanently injured and that such injury was due to the accident.

The hearing before the Court of Common Pleas was by virtue of §1465-90. The section provides "that the court or jury under the instructions of the court, if a jury is demanded, shall determine the right of the claimant to participate or to continue to partici-

pate in such fund **upon the evidence contained in such record and no other evidence."** Whether or not the verdict of the jury under the instructions of the court on the admission of counsel for defendant was authorized by this provision of the Code, it is not necessary for us now to determine as both parties have acquiesced in the verdict. We are unable to see any merit in the claim of the relator that the instructed verdict of the jury was a declaration by the jury that there was ▮▮▮▮▮ a permanent disability caused by the accident. This claim is based upon the assertion that inasmuch as there had been an application for an increased compensation due to permanent injury, that that was the only matter that could be presented to the jury. The verdict of the jury is simply that the relator is entitled to participate in the fund. We believe that the matter is disposed of by the principle laid down in **State ex Kauffman v Industrial Commission, 121 Oh St 472.** The holding ▮▮▮▮▮ of the Court is to the effect that by virtue of the General Code in cases heard on appeal the jury may only find whether or not the claimant is entitled to participate and the court may only pronounce judgment whether the claimant is so entitled.

"A verdict and judgment so entered and certified to the Industrial Commission do not impose upon the Industrial Commission a duty to pay compensation to any particular future date or for any particular extent of disability; it becomes the duty of the Commission upon receiving the certificate to recognize the judgment as awarding some disability and to proceed to inquire the extent of such disability." ·

"Where the commission acts in obedience to such certificate of verdict and judgment and does not award to the claimant the amount he demands, the claimant has an adequate remedy at law."

This case is well known to counsel and we will not comment further upon it. It is followed in **State ex Hudzieeko v Industrial Commission, 132 Oh St 444; State ex Shelley v Commission, 133 Oh St 438; State ex Hess v Commission, 133 Oh St 599.**

What rights the relator may have under the provision of **§1465-90, GC,** upon the refusal of the Commission to grant to him compensation to which he deems himself entitled, we need not now pass.

The prayer of the petition denied.

HORNBECK, PJ. & BARNES, J., concur.